IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

GLEN BOLDEN, )
 )
      Petitioner, )
 )
v. ) Case No. CIV-10-761-D
 )
WARDEN-FCI EL RENO, )
 )
      Respondent. )

## REPORT AND RECOMMENDATION

Mr. Glen Bolden has filed a habeas petition, which required a short and plain statement of the claim. Instead, he has written a lengthy essay about the Second Chance Act and the manner in which the Bureau of Prisons has implemented the new statute. The Respondent has moved to dismiss in part for failure to state a valid claim on which relief can be granted. The Petitioner declined to respond, and the Court should grant the motion to dismiss because the petition is facially deficient. However, the Court should give the Petitioner an opportunity to amend in light of his *pro se* status and the curability of the pleading defect.

The initial question is how the Court should gauge the sufficiency of the habeas petition. The Federal Rules of Civil Procedure govern to the extent that the practice in habeas proceedings:

- is not specified in a federal statute, the Rules Governing Section 2254 Cases,[1] or the Rules Governing Section 2255 Cases, and

- has previously conformed to the practice in civil actions.

Fed. R. Civ. P. 81(a)(4). Applying this test, the Tenth Circuit Court of Appeals has concluded that Rule 8(a) of the Federal Rules of Civil Procedure is applicable in habeas cases. *Allen v. State of Colorado*, 205 Fed. Appx. 675, 676 n.1 (10th Cir. Nov. 9, 2006) (unpublished op.); *Price v. Reid*, 161 Fed. Appx. 773, 774 n.2 (10th Cir. Jan. 6, 2006) (unpublished op.).

"Rule 8 [of the Federal Rules of Civil Procedure] serves the important purpose of requiring [petitioners] to state their claims intelligibly so as to inform the [respondents] of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). Under this rule, the petitioner must plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, the petition must inform the respondent about what he had allegedly done to violate federal law. *See Barfield v. Commerce Bank*, 484 F.3d 1276, 1281 (10th Cir. 2007). From the allegations in the petition, the respondent should know "what [the federal government] did to [the

---

[1] In Rule 2(c), the 2254 Rules require a statement in the habeas petition of "all the grounds for relief" and "the facts supporting each ground." Rule 2(c)(1)-(2), Rules Governing Section 2254 Cases in the United States District Courts. In addition, the 2254 Rules contain a standard form, which requires the petitioner to identify all of the grounds for relief and state the facts supporting each ground. Rules Governing Section 2254 Cases in the United States District Courts - Appendix of Forms, Instruction No. 9. However, the present action arises under Section 2241, rather than Section 2254, of Title 28. *See* Petition for Writ of Habeas Corpus at pp. 8-9 (July 19, 2010). As a result, the Court has discretion whether to apply the 2254 Rules. *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

petitioner]; when the [federal government] did it; how the [federal government's] action harmed [the petitioner]; and, what specific legal right the [petitioner] believes the [federal government] violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The habeas petition is insufficient under this standard because the Petitioner has not explained how his federal rights were violated. For example, the Petitioner complains about statements by the Executive Director of the Bureau of Prisons and seeks individualized consideration of eligibility for placement in a residential re-entry center. But Mr. Bolden does not allege a failure to provide him with individualized consideration or suggest harm from the executive director's remarks. In short, there is nothing in the habeas petition to tell the Respondent what the government has allegedly done to violate Mr. Bolden's rights. With that deficiency, the Court should conclude that the petition fails to provide a short and plain statement of the claim.

The violation of Rule 8(a) requires dismissal of the habeas petition. Because Mr. Bolden is *pro se* and the pleading defect is potentially curable, the Court should grant leave to amend within 21 days of the district judge's order.[2]

The Respondent argues that the claims are moot, unexhausted, and improper under the habeas statute. But these arguments "put the cart before the horse." One must know

---

[2] *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990); *see also Gee v. Pacheco*, __ F.3d __, 2010 WL 4196034, Westlaw op. at 14 (10th Cir. Oct. 26, 2010) (to be published) (holding that the district court should have allowed amendment of the complaint prior to a dismissal with prejudice).

what the claim is before he can say whether the claim is moot, cognizable, or exhausted. Because the Court cannot identify the claims, it cannot entertain arguments involving mootness, exhaustion, or availability of a habeas remedy.

If Mr. Bolden does amend the petition, he should review 28 U.S.C. § 2241(c)(3). This section requires the petitioner to show that he is in custody in violation of a provision in the federal constitution, a federal law, or a federal treaty. As discussed above, amendment would require Mr. Bolden to explain how the federal government had violated his federally protected rights. *See supra* pp. 2-3 (quoting *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007)).

The Petitioner is advised of his right to object to this report and recommendation by November 15, 2010. *See* 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 6(d), 72(b)(2). If the Petitioner does object, he must file a written objection with the Court Clerk for the United States District Court, Western District of Oklahoma. Mr. Bolden is further advised that if he does not timely object, he would waive his right to appellate review of the suggested dismissal. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation discharges the referral.

Entered this 29th day of October, 2010.

Robert E. Bacharach
United States Magistrate Judge